# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE A. TODIE, | ) | CASE NO. 4:16-cv-0743 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

Before the Court is defendants' motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 18 ["Mot."].) The motion is unopposed by plaintiff.

Defendants raise several arguments in support of dismissal of this entire action, which was brought under 42 U.S.C. § 1983 and, possibly, *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971): (1) that it is barred by the two-year statute of limitations for such actions, *see* Mot. at 153,[1] citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (§ 1983) and *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005 (*Bivens*); (2) that defendants are a private corporation and its individual employees who are not subject to suit under *Bivens*, *see* Mot. at 154-55, citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) and *Minneci v. Pollard*, 565 U.S. 118, 126, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012); and, (3) that the complaint fails to comply with the requirements of Fed. R. Civ. P. 8, *see* Mot. at 155-56, citing *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555, 127 S. Ct.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868.[2]

Under Local Rule 7.1(d), plaintiff was required to file any opposition to the motion "within thirty (30) days after service[.]" No opposition has been filed and nothing on the docket suggests that plaintiff was not served with a copy of the motion. In fact, ten (10) days after the motion to dismiss was filed, plaintiff filed a "motion for an additional 28-56 days" (Doc. No. 20), seeking an extension of time to respond to the motion to dismiss. The Court, therefore, concludes that plaintiff was actually served with defendants' motion to dismiss.

The Court also notes that plaintiff's motion for extension of time was promptly denied by the assigned magistrate judge, but the service copy of the denial order that was sent to plaintiff by regular U.S. Mail was returned to the Clerk because plaintiff has failed to keep a current address on file. (*See* Doc. No. 25, returned mail.) Indeed, the very last entry on the docket is another piece of returned mail, reflecting the fact that the Clerk *still* does not have a current address for plaintiff. (*See* Doc. No. 48, docketed on March 15, 2017). This is plaintiff's responsibility, and plaintiff's failure. He has previously been explicitly ordered to provide a current address and did so at one time, but then apparently moved again. (*See* Doc. Nos. 26 and 35.)

Although *pro se* litigants are typically allowed more leeway than a person represented by counsel, this practice has its limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). At the very least, it is to be expected that a litigant both keep on file a current address and respond in a

---

[2] The complaint (Doc. No. 1) is less than clear, although lengthy. Plaintiff appears to be claiming, under § 1983 and perhaps *Bivens*, violations of his first and eighth amendment rights while he was incarcerated at a privately-run correctional facility, relating largely (but not entirely) to his medical treatment (and, in particular, complaints regarding his medications), as well as administrative grievances related to those complaints. He names as defendants the Corrections Corporation of America and several of its individual employees, most of whom have never been served, and all of whom are private actors. The movants seek dismissal of all defendants and all claims.

timely fashion to dispositive motions.[3] Further, the Court itself need not fashion arguments on plaintiff's behalf in opposition to defendants' motion. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Plaintiff has utterly, and in every respect, failed to prosecute his claims and/or to defend against the motion. It is clear to the Court that plaintiff has abandoned his claims by failing to keep the Clerk apprised of his current address and, more importantly, by failing to oppose the motion to dismiss.[4] *Scott v. State of Tennessee*, 878 F.2d 382 (Table), 1989 WL 72470, *2 (6th Cir.1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

There being no opposition to the motion, and defendants having advanced meritorious arguments, they are entitled to dismissal, and the motion to dismiss (Doc. No. 18) is **granted**. All claims and all defendants are dismissed with prejudice. Further, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: March 21, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See* Fed. R. Civ. P. 41(b) (imposing on plaintiff the duty to prosecute an action and making dismissal for failure to do so generally a dismissal on the merits).

[4] Even if plaintiff had assumed that his extension had been granted (since he did not receive the denial order), his response would have been due at the latest "28-56 days" after the motion was filed on July 22, 2016. That deadline has long since passed.